NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

25-P-53

DANIEL PERISTERE

vs.

WMS PROPERTIES, LLC.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The defendant, WMS Properties, LLC, brought a summary process action against the plaintiff, Daniel Peristere, in the Housing Court for possession of a residential property (the property).  After a trial, a jury granted possession of the property to the defendant in February 2019.  Although the plaintiff filed a notice of appeal, which this court docketed, it was dismissed.  On October 15, 2024, the plaintiff filed a complaint in the Superior Court seeking to remove the underlying Housing Court summary process matter to the Superior Court.  A judge of the Superior Court dismissed that complaint on the grounds that there was no authority to remove a Housing Court

summary process action to the Superior Court.  The plaintiff

appealed.  We affirm.

The parties are familiar with the facts and extensive

procedural history in this case.  Accordingly, we do not repeat

that information here.

Discussion.  "[A] court's sua sponte motion to dismiss for

lack of subject matter jurisdiction is analogous to a party's

motion to dismiss under Mass. R. Civ. P. 12 (b) (1) or (6), 365

Mass. 754 (1974)."  Bevilacqua v. Rodriguez, 460 Mass. 762, 764

(2011).  "We review the grant of a motion to dismiss de novo,

accepting as true all well-pleaded facts alleged in the

complaint, drawing all reasonable inferences therefrom in the

plaintiff's favor, and determining whether allegations plausibly

suggest that the plaintiff is entitled to relief."  Lanier v.

President & Fellows of Harvard College, 490 Mass. 37, 43 (2022).

The plaintiff argues that the case must be removed to the

Superior Court as a matter of right because the Housing Court

lacks subject matter jurisdiction.  We disagree.

The Housing Court has "jurisdiction to hear summary process

complaints, in which the owner of a housing unit seeks to evict

the occupant of that unit and recover possession."  Federal

Nat'l Mtge. Ass'n v. Rego, 474 Mass. 329, 338 (2016).  See G. L.

2

c. 185C, § 3.[1]  In his filings in the original summary process action, the plaintiff acknowledged that this is a summary process proceeding.  Hence, the Housing Court had subject matter jurisdiction to hear this case.  See Federal Nat'l Mtge. Ass'n, supra.

The judge dismissed the complaint because "there is no statute or rule that allows the plaintiff to unilaterally and without authorization 'remove' a Housing Court eviction case to the Superior Court."  We agree.  "[H]earing eviction actions is an express and essential Housing Court function," and the judge properly dismissed the complaint on these grounds.  Cambridge St. Realty, LLC v. Stewart, 481 Mass. 121, 127 (2018).[2]

---

[1] "[T]he Housing Court [also] has broad authority to resolve civil claims and counterclaims that relate 'directly or indirectly' to 'the health, safety, or welfare, of any occupant of any place used . . . as a place of human habitation,' as well as the authority to resolve all 'housing problems, including all contract and tort actions which affect the health, safety and welfare of the occupants or owners' of such housing."  Federal Nat'l Mtge. Ass'n, 474 Mass. at 338, quoting G. L. c. 185C, § 3.

[2] To the extent that we do not discuss other arguments made by the defendant, they have not been overlooked.  "We find nothing in them that requires discussion."  Commonwealth v. Domanski, 332 Mass. 66, 78 (1954).

3

The defendant's request for fees is denied.

Judgment of dismissal
    affirmed.

By the Court (Desmond, Tan &
    Wood, JJ.[3]),

Clerk

Entered:  April 17, 2026.

---

[3] The panelists are listed in order of seniority.